UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS GATLIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3210 |
| | § | |
| KAREN SIMPSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

### I.

Before the Court are the defendants', Baylor College of Medicine, motion to dismiss [Doc. No. 65], motion for summary judgment [Doc. No. 58], motion for partial summary judgment [Doc. No. 60], and Harris County Hospital District's motion for summary judgment [Doc. No. 75]. The plaintiff, Marcus Gatlin, filed responses and amended pleadings addressing the defendants' several motions [Doc. Nos. 67, 68, 69, 71 and 78]. In addition, Baylor filed a motion to dismiss based on discovery abuse [Doc. No. 72] and to strike the plaintiff's response to its motion for summary judgment [Doc. No. 73]. Because Baylor's motion to dismiss [Doc. No. 65] and Harris County's motion for summary judgment are dispositive of the Court's jurisdiction and the facts, the Court should grant their motions. The remaining motions are rendered moot.

### II.

The factual basis underlying the plaintiff's suit is sufficiently set out in Baylor's motion to dismiss and states the following:

Gatlin's claims arise from mental health care and treatment he received from Baylor employees. As alleged in his pleadings, Gatlin was a voluntary participant in the Intensive Outpatient Program ("IOP") located at the NeuroPsychiatric Center ("NPC"), a Harris County Hospital District facility adjoining Ben Taub Hospital. The psychiatrists and predoctoral psychology interns, whom Gatlin initially named as defendants, were Baylor employees who provided care to Gatlin either in the IOP or at the Ben Taub psychiatric emergency center. While Gatlin was attending an IOP session at the NPC on September 23, 2011, it was determined that Gatlin needed to be evaluated by a psychiatrist at the Ben Taub psychiatric emergency center. Gatlin was accompanied by Baylor employees from the NPC to the psychiatric emergency center where a psychiatrist, who was also a Baylor employee, evaluated him. The psychiatrist determined that Gatlin should be admitted to the inpatient unit. The only interactions that the Baylor employees had with Gatlin were within the parameters of their physician-patient and/or the psychologist-patient relationship with him. Gatlin has not alleged that any of the Baylor employees' actions that are the basis of his claims occurred other than when they provided health care to him, nor has he alleged that their actions were outside the bounds of their professional relationship with him.

## III.

It is undisputed that the plaintiff's claims arise solely from mental health care provided by Baylor College of Medicine and its employees.  The center where the plaintiff was housed is a Harris County Hospital District facility.  Because the plaintiff's claim arises out of healthcare treatment, *Yamada v. Friend*, 335 S.W.3d 192 (Tex. 2010) is dispositive of the Court's jurisdiction over Baylor.  *Yamada* prohibits plaintiff from converting a healthcare claim into a civil right suit simply by citing to that statute.  *See* Tex. Civ. Prac. & Rem. Code, Section 74.351.

The evidence is also undisputed that no HCHD employees participated in the plaintiff's treatment or hospitalization.  It is clear that Baylor employees were concerned that the plaintiff's conduct, *i.e.,* suicidal threats, required medical intervention.  Therefore, Baylor sought and obtained a mental health warrant.  Nowhere in the plaintiff's pleadings or responses to the defendants' motions does he state facts showing that HCHD was involved in the decision to hospitalize him or provide healthcare.  Moreover, there is no evidence of a due process violation on the part of HCHD resulting from Baylor's decision to hospitalize the plaintiff.  And, there is

no evidence that the manner of housing by HCHD violated § 1983. In addition, there is no waiver of immunity by the Harris County Hospital District permitting a suit for damages against it in federal court. *See* Tex. Const. Art. IX §§ 4-11. Finally, the plaintiff has not pointed out any policy or practice on the part of HCHD violates 42 U.S.C. § 1983.

It is therefore ORDERED that the plaintiff's § 1983 claim against HCHD fail. The plaintiff's claims against Baylor are preempted by the state healthcare statute covering healthcare liability claims. *See* § 74.001 *et. seq.* It is ORDERED that this case be REMANDED to the 113th Judicial District Court of Harris County concerning any state law claims, if any exists.

SIGNED on this 19th day of February, 2015.

_____
Kenneth M. Hoyt
United States District Judge